**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Lamont A. Thompson

        Plaintiff,

v.

National Credit Adjusters, LLC and Synergy Solutions, Inc.

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 10-2307 SRN/FLN

---

Mark L. Vavreck, Esq., Martineau, Gonko & Vavreck, PLLC, Minneapolis, MN, and Thomas J. Lyons, Esq., Lyons Law Firm, P.A., Vadnais Heights, MN, on behalf of Plaintiff.

Brian A. Wood, Esq., and Matthew D. Sloneker, Esq., Lind Jensen Sullivan & Peterson, PA, Minneapolis, MN, and Peter L. Gregory, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of Defendant National Credit Adjusters, LLC.

Gregory J. Myers, Esq., Lockridge Grindal Nauen PLLP, Minneapolis, MN, on behalf of Defendant Synergy Solutions, Inc.

---

## I. INTRODUCTION

On October 27, 2011, the undersigned United States District Judge heard oral argument on Defendant Synergy Solutions, Inc.'s ["Synergy"] Motion to Dismiss [Docket No. 34]. Plaintiff Lamont A. Thompson ["Thompson"] opposes this Motion. For the reasons set forth below, Defendant's Motion to Dismiss is denied.

## II.  BACKGROUND[1]

Thompson, a resident of the state of Minnesota, incurred consumer debt with Fast Cash Personal Loan sometime before September 25, 2009.  Am. Compl. [Docket No. 23] ¶¶ 4, 7.  Thompson defaulted on his debt, and that debt was purchased by Defendant National Credit Adjusters, LLC ["NCA"] sometime before September 2009.  Id. ¶¶ 8–9.  Also before September of 2009, NCA and Synergy entered into an agreement regarding the mailing of debt collection communications.  Id. ¶ 10.

In September 2009, Thompson received one of these debt collection communications which failed to identify either Defendant by name and which listed only the address of NCA.  Id. ¶¶ 11, 17.  This letter required the recipient to retrieve an automated voice message by calling 800-831-8706, a number controlled by Synergy.  Id. ¶¶ 14–15.  The voice message, like the letter, failed to advise the caller that the information obtained through the call was an attempt to collect debt information.  Id.

Thompson filed his Complaint against NCA on June 9, 2010.  See Compl. [Docket No. 1].  NCA served its Initial Disclosures on November 15, 2010, which failed to name Synergy as a person or party with discoverable information.  See Roy Aff. [Docket No. 13] Ex. F.  On October 21, 2010, Thompson served NCA with its discovery requests, Roy Aff. Ex. A, and Thompson sent NCA a letter requesting its responses on January 4, 2011.  Roy Aff. Ex. B.  NCA filed its untimely responses on January 21, 2011, at which time Thompson first learned of

---

[1] In considering Defendant's Motion to Dismiss, the Court takes the facts alleged in Plaintiff's Complaint to be true.  See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

Synergy's existence. Roy Aff. Ex. E. After serving a subpoena on a Minnesota corporation by the name of "Synergy Solutions, Inc.", on April 15, 2011, Thompson learned that it was not the correct company. Lyons Aff. [Docket No. 43] Ex. B. Thompson served an Arizona corporation named "Synergy Solutions, Inc.", only to find out that it was also not the right "Synergy." On May 24, 2011, NCA finally informed Thompson that Synergy is a corporation based in Missoula, Montana. Lyons Aff. Ex. D. On June 10, 2011, Magistrate Judge Franklin L. Noel granted Thompson's Motion to Compel Discovery Responses [Docket No. 26], requiring NCA to pay Thompson's attorney's fees. Synergy was ultimately served on July 19, 2011. Am. Summons [Docket No. 30]. On August 26, 2011, Synergy filed this Motion to Dismiss for failure to meet the statute of limitations.

### III.  DISCUSSION

**A.    Standards of Review**

In considering a motion to dismiss under Rule 12(b)(6), courts must accept the nonmoving party's facts as true and construe the pleadings in the light most favorable to them. Hamm, 15 F.3d at 112. Ambiguities concerning the sufficiency of claims must be resolved in the nonmovant's favor as well. Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). A motion to dismiss should be granted only when "it appears beyond doubt that the [claimant] can not prove any set of facts in support of his claim that would entitle him to relief." Schaller Tel. Co. v. Golden Sky Sys., 298 F.3d 736, 740 (8th Cir. 2002).

**B.     The Application of the Statute of Limitations to Thompson's Claims**

In its Motion to Dismiss, Synergy argues that Thompson's claims fail to meet the one-year statute of limitations under the FDCPA, and that the doctrines of equitable tolling and relation-back are inapposite in this case. Thompson contends that the statute of limitations is not an absolute jurisdictional bar, that allowing an amendment to relate back does not violate a jurisdictional statute of limitations, and that allowing further discovery would establish whether Synergy would in fact be prejudiced by defending the claims on the merits.

**1. Equitable Tolling**

Synergy urges that Thompson has failed to satisfy the statute of limitations under 15 U.S.C. § 1692k(d), which requires that all actions be filed "within one year from the date on which the violation occurs." Statutes of limitations are tolled when a plaintiff is prevented from bringing a claim within the prescribed time period by inequitable circumstances. Firstcom Inc. v. Qwest Corp., 555 F.3d 669, 675 (8th Cir. 2009). A plaintiff must show the following to establish a need for equitable tolling: (1) diligence in pursuit of the claim; and (2) extraordinary circumstances that stood in the way. Id. The statute of limitations under 15 U.S.C. § 1692k(d) has been deemed jurisdictional in the Eighth Circuit. Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 262 (1992) ("We are not at liberty to disregard the jurisdictional limitations Congress has placed upon the federal courts, however appealing it might be to interpret section 1692k(d) in such a way as to permit [Plaintiff's] action to proceed.").[2] Equitable tolling only

---

[2]There is a split in the circuits as to whether the FDCPA statute of limitations is jurisdictional. See Mangum v. Action Collection Service, Inc., 575 F.3d 935, 940 n.14 (9th Cir. 2009) (remarking that the Mattson opinion "was made without any real analysis" and that the

applies to cases where the statute of limitations is not a jurisdictional bar. See e.g., Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001).

Because 15 U.S.C. § 1692k(d) is deemed jurisdictional in the Eighth Circuit, this Court need not analyze Thompson's equitable tolling argument. Allowing equitable tolling in this case would impermissibly extend jurisdiction nearly eight months beyond the one-year statute of limitations under the FDCPA. Accordingly, Thompson's equitable tolling argument is without merit.

**2. Relation Back**

Synergy also contends that 15 U.S.C. § 1692k(d) serves as a jurisdictional bar prohibiting the application of the relation back doctrine. The Federal Rules of Civil Procedure permit an amendment to relate back when the amendment "changes the party or the naming of the party against whom a claim is asserted," the party to be brought into the amendment received notice of that action within 120 days after the original complaint's filing such "that it will not be

---

word "jurisdiction" was likely "used in a somewhat colloquial sense"). In fact, no other court to address the question has held 15 U.S.C. § 1692k(d) to be an absolute jurisdictional bar. See id.; see also Ruth v. Unifund CCR Partners, 604 F.3d 908, 914 (6th Cir. 2010) (declining to decide the jurisdictional issue but proceeding to analyze equitable tolling claims as if no absolute jurisdictional bar existed); Johnson v. Riddle, 305 F.3d 1107, 1115 (10th Cir. 2002) (finding that the Mattson court erred in finding the FDCPA statute of limitations to be inconsistent with Federal Rule of Civil Procedure 6(a)); Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 327 (7th Cir. 2000) ("[T]he statute of limitations provision in the FDCPA is not a jurisdictional restriction."); Champion v. SLM Corp., No. 6:09-CV-480, 2011 WL 3510747, at *3 (E.D.Tex. June 30, 2011) (analyzing equitable tolling claim as if no jurisdictional bar existed); Price v. Brock & Scott, PLLC, No. 1:10-CV-40, 2011 WL 1326934, at *7 n.5 (M.D.N.C. Apr. 6, 2011) (applying no jurisdictional bar in equitable tolling analysis); Boyd v. J.E. Robert Co., 2011 WL 477547, at *8–*11 (E.D.N.Y. Feb. 2, 2011) (analyzing an equitable tolling claim without mentioning a jurisdictional bar).

prejudiced in defending on the merits," and that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the property party's identity." Fed. R. Civ. P. 15(c)(1)(C).  Courts have also found that the addition of a defendant may also relate back, particularly where the confusion regarding the proper "party to be sued was at least in part the result of actions taken by [defendant]." Photolab Corp. v. Simplex Specialty, Co., 806 F.2d 807, 811 (8th Cir. 1986).

Decisions regarding whether an amended pleading relates back are "matter[s] within the sound discretion of a trial court." Shea v. Estensen, 208 F.3d 712, 720 (8th Cir. 2000) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)).  The Federal Rules of Civil Procedure also state that they "do not extend or limit the jurisdiction of the United States district courts." Fed. R. Civ. P. 82.  Several courts have held that Rule 15 of the Federal Rules of Civil Procedure applies even where a statute of limitations is deemed a jurisdictional bar. See Watkins v. Lujan, 922 F.2d 261, 263 (5th Cir. 1991) ("While equitable tolling is inapplicable, a cause of action can relate back under Rule 15(c) without usurping the jurisdictional nature of the filing requirement."); Wadsworth v. U.S. Postal Service, 511 F.2d 64, 66 (7th Cir. 1975) ("The time bar is jurisdictional, but the jurisdictional requirement was satisfied by the timely filing of suit for the full amount of the claim, and jurisdiction is not disturbed by an amendment correcting parties.").

While equitable tolling would improperly extend jurisdiction in this case, allowing the relation-back of Thompson's amendment to add Synergy as a named defendant does not extend jurisdiction nor run afoul of the jurisdictional bar of 15 U.S.C. § 1692k(d).  The effect of relation-back is not to extend jurisdiction or lengthen a statute of limitations but to treat an

amendment as if it were filed on the "date of the original pleading." Fed. R. Civ. P. 15(c)(1). Other jurisdictions which have refused to allow relation back have largely dealt with "John Doe" cases, where the plaintiff did not mistakenly name a party but in fact did not know the party. See Garrett v. Fleming, 362 F.3d 692, 696–97 (10th Cir. 2004) (holding that lack of knowledge regarding defendant's identity does not constitute mistake within the context of relation back); see also Jacobsen v. Osborne, 133 F.3d 315, 320–21 (5th Cir. 1998) (not allowing relation back where "there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify the defendant.").

Following the analysis of the Photolab court, however, Rule 15(c) relation back does not violate a jurisdictional bar where the added defendant was in part responsible for the confusion or mistake which delayed its inclusion in the lawsuit. 806 F.2d at 811. At the core of this FDCPA claim is the fact that Synergy failed to name the source or sources of the correspondence at issue. Am. Compl. ¶¶ 11, 17. The sole identifying information on the letter was an address linked to NCA, the only defendant named prior to Thompson's discovery of Synergy's role in the letter. Id.; Roy Aff. Ex. E. Moreover, NCA was sanctioned by Judge Noel on June 10, 2011, for its unjustifiable delays in responding to Thompson's October 21, 2010 discovery requests - delays which directly caused Thompson's failure to add Synergy as a defendant within the statute of limitations. See Motion to Compel Discovery Responses.

Although Rule 15(c) relation back does not violate a jurisdictional bar, Thompson must still establish (1) that Synergy had notice such that it would not be prejudiced in defending on the merits and (2) that Synergy knew or should have known that it should have been party to this suit but for a mistake concerning its identity. Thompson has not yet established that these

7

factors of Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure have been satisfied. Discovery is still ongoing, and Thompson is awaiting Synergy's responses to its interrogatories - responses that will determine whether Synergy was on notice of Thompson's mistake regarding its identity and whether Synergy would be prejudiced in defending these claims on their merits. See Pretrial Scheduling Order [Docket No. 39]; see also Lyons Aff. [Docket No. 43] Ex. F ("Thompson's Interrogatories") 10, ¶¶ 18–19. Due to these pending discovery requests, it is premature to grant Synergy's motion to dismiss, and that motion is denied without prejudice.

## IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant Synergy's Motion to Dismiss [Docket No. 34] is **DENIED** without prejudice.

BY THE COURT:

Dated: November 30, 2011

s/Susan Richard Nelson
Susan Richard Nelson
United States District Judge