**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO. 10-CV-2307 SRN/FLN**

| | |
|---|---|
| Lamont A. Thompson, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>National Credit Adjusters, LLC, Synergy Solutions, Inc., and Shawn Gylling, individually,<br><br>    Defendants. | **FINAL JUDGMENT** |

**FINAL JUDGMENT APPROVING SETTLEMENT AND DISMISSING
ACTION WITH PREJUDICE**

On December 19, 2012, the Court held an evidentiary hearing in this Action (the "Settlement or Fairness Hearing"). After considering the Stipulation of Settlement ("Settlement Stipulation"), the releases contained in it and the attached exhibits, the pleadings and record in this case, the evidence presented at the hearing, the arguments of counsel, and applicable authorities, and [noting that there are no objections] by Class Members to the Settlement Stipulation, the Court FINDS and RULES as follows:

1. The Court has jurisdiction over the subject matter of this Action and over the parties to the Action, including Plaintiff Lamont Thompson, both in his individual capacity and on behalf of others similarly situated (collectively, "Plaintiff"), the

Settlement Class Members, as Plaintiffs, and National Credit Adjusters, LLC ("NCA") as Defendant.

2. On October 24, 2012, after reviewing the Settlement Stipulation and all additional information requested by the Court regarding the Settlement Stipulation, the Court preliminarily approved the Settlement, finding: (1) that the Settlement was within the range of possible approval; (2) that the Notice of the Proposed Settlement to potential Class Members of the Settlement terms and conditions was appropriate; and (3) that the scheduling of a final fairness hearing was appropriate.

3. The Notice provided, pursuant to the Court's Order Preliminarily Approving Settlement Stipulation and Directing Notice to Class Members is the best notice practicable to all potential Class Members under the circumstances, and fully complies with Federal Rule of Civil Procedure 23. The Court is satisfied that this Notice has been provided to Class Members in a manner that is reasonable under the circumstances and is fair, adequate, and sufficient.

4. After conducting the Settlement Hearing, the Court finds that the Settlement Stipulation is reasonable, fair, just, and adequate, is in the best interest of the Settlement Class Members, and satisfies Federal Rule of Civil Procedure 23 and other applicable law.

The Court, having considered, among other matters, the benefits of the proposed Settlement to the Settlement Class and the risks, complexity, expense and probable

duration of further litigation and the entire matter of the proposed settlement having been heard and considered by the Court it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Court finds that the requirements of Federal Rule of Civil Procedure 23 have been satisfied as to the Class Period defined in the Settlement Stipulation. Pursuant to Federal Rule of Civil Procedure 23.

    a. the Court specifically finds that (i) the Settlement Class is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Settlement Class, (iii) Plaintiffs' claims are typical of the claims of the Settlement Class, and (iv) Plaintiffs will fairly and adequately protect the interests of the Settlement Class;

    b. the Court finds that Plaintiffs and Class Counsel have adequately represented the interests of the Settlement Class with respect to this Action and the claims they have asserted;

    c. the Court finds that the common issues shared by members of the Settlement Class predominate and that a Class Settlement is superior to other methods of resolving these claims. The Court further finds that Members of the Settlement Class have been provided with reasonable and adequate notice and the opportunity to opt out or object to the settlement, and, accordingly, that their due process considerations have been satisfied.

2. The Court finds and concludes that the Settlement is fair, reasonable and adequate and in the best interest of the Settlement Class, and hereby approves the Settlement and all transactions preliminary or incident to it.  The Court, when considering the risks and expense of continued litigation in comparison with the likelihood of success on the merits, finds and declares that the benefits associated with the monetary relief are applicable to and will be enjoyed by, and substantially benefits, the members of the Settlement Class.  The parties to the Settlement Stipulation, which is attached and incorporated by reference, are hereby authorized and directed to comply with and to consummate the Settlement Stipulation in accordance with its terms and provisions.

3. The Settlement Stipulation, including the definitions contained in it and the exhibits to it, is approved and shall be effectuated, enforced, and carried out in accordance with its terms and provisions, and the Court orders the parties to comply with the Settlement Stipulation.  The terms "Released Parties," "Released Claims," "Settlement Class," "Settlement Class Members," and all other terms in this Final Judgment are defined in accord with the terms in the Settlement Stipulation.

4. This Final Judgment is binding on all parties to the Settlement Stipulation and on all Settlement Class Members.  Settlement Class Members, as defined in the Settlement Stipulation, include all of the following who did not timely request exclusion from the Settlement Class.  The Settlement Class is further defined as:

>All persons/consumers residing in Minnesota to whom letters / message alerts, similar to Exhibit 1, were sent during the Class Period.

5. Provided, however, that the following are excluded from the "Settlement Class" and from being "Settlement Class Members":

>(i) persons who asserted claims which were the subject of any lawsuit filed during the Class Period alleging causes of action related to any Released Claims;
>
>(ii) persons who asserted any claims for which NCA received an executed release during the Class Period;
>
>(iii) NCA, all present or former officers and/or directors of NCA, Class Counsel, the Judge of this Court, NCA's counsel of record; and
>
>(iv) all Persons who make a timely election to be excluded from the Settlement Class.

6. The Court awards reasonable and necessary attorneys' fees and expenses to Class Counsel in the amount of $134,600.00.

7. The Court awards Plaintiff a class representative award of $10,000.00.

8. Liability for and payment of such attorneys' fees and expenses shall be as set forth in Part XII of the Settlement Stipulation.

9. Entry of this Final Judgment approves the Settlement Stipulation and settles all Released Claims. As of the Effective Date of the Settlement Stipulation, Plaintiffs and all Settlement Class Members shall be forever barred from bringing or prosecuting any action or proceeding that involves or asserts any of the Released Claims, as defined in the

Settlement Stipulation, against the Released Parties, and shall be deemed to have released and forever discharged the Released Parties from all Released Claims.

10. As of the Effective Date of the Settlement Stipulation, Plaintiffs and all Settlement Class Members shall be conclusively deemed to have acknowledged the release of all Released Claims, including but not limited to claims, rights, demands, causes of action, liabilities or suits that are not known or suspected to exist as of the Execution Date of the Settlement Stipulation.

11. The Effective Date of the Settlement shall be that date on which the time for appeal or to seek permission to appeal from the Court's approval of the agreement and entry of this Final Judgment expires or, if appealed, approval of this Settlement Stipulation and this Final Judgment has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

12. The Released Parties shall not be required to nor be under any obligation to provide any relief set forth in the Settlement Stipulation until after the Effective Date.

13. The monetary relief and payment of attorneys' fees and expenses as provided and capped in the Settlement Stipulation are the only consideration, fees, and expenses the Released Parties shall be obligated to give Plaintiffs, Settlement Class Members and/or Class Counsel in connection with the Settlement Stipulation.

14. All Released Claims, as defined in the approved Settlement Stipulation, are dismissed in their entirety, with prejudice.

15. In the event the terms of this Judgment are vacated, or materially modified on appeal, this Judgment (except this Paragraph) shall be null and void, the Settlement Stipulation shall be deemed terminated and the parties shall return to their positions as provided for in the Settlement Stipulation.

The Court further ORDERS as follows:

16. The Court reserves and retains exclusive and continuing jurisdiction over this Action, Plaintiffs, the Settlement Class Members, and the Released Parties, to the fullest extent allowed by Minnesota law, for the purposes of supervising the enforcement, construction, and interpretation of:

    (a)    the Settlement Stipulation, and

    (b)    this Final Judgment.

17. This Final Judgment and the Settlement Stipulation, and all papers related thereto, are not, and shall not be construed to be, an admission by any Party of any liability or wrongdoing whatsoever;

18. Costs of Court are to be borne by the Party/Parties incurring same.

This Final Judgment incorporates all other orders and resolves all claims in this case made by all parties. All other relief not expressly granted herein is hereby DENIED.

- 8 -

SIGNED this 19th day of December, 2012.

                                              s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              U.S. DISTRICT JUDGE